10-1758-cr
United States v. Perry

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
                        **Chief Judge**,
                JOSÉ A. CABRANES,
                        **Circuit Judge**,
                MARK R. KRAVITZ,[*]
                        **District Judge**.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

        **Appellee**,

        **-v.-**                                  10-1758-cr

DONALD R. PERRY, III,

---

[*] The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

1

**Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     JONATHAN J. EINHORN, New Haven, CT.

FOR APPELLEE:      MICHAEL J. GUSTAFSON, Assistant United
                   States Attorney (SANDRA S. GLOVER,
                   Assistant United States Attorney, of
                   counsel), for David B. Fein, United
                   States Attorney for the District of
                   Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Donald Perry, III, appeals from the judgment of conviction entered by the United States District Court for the District of Connecticut (Bryant, J.), principally sentencing him to six months' imprisonment and four months' home confinement. Perry pled guilty to one count of altering and fabricating records in a federal investigation, in violation of 18 U.S.C. § 1519. He fabricated four invoices at the request of a cohort, Gregory Laugeni, in order to disguise a rent-kickback scheme from federal investigators. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Perry claims that the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(1). Since he failed to object at sentencing, we review for plain error. United States v. Vonn, 535 U.S. 55, 58-59 (2002). As conceded at oral argument, Perry falls far short of establishing "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominquez Benitez, 542 U.S. 74, 83 (2004). In any event, Perry received notice of his rights, because any points omitted by the court were discussed (1) by the government during the colloquy, (2) in the plea agreement, or (3) in the pre-sentence report. (Strict compliance with Fed. R.

2

Crim. P. 11(b)(1)(N) may have been required for Perry to knowingly and voluntarily waive his appellate rights, but the government does not seek to enforce the appeal-waiver provision in his plea agreement.)

**[2]** Perry argues that he received a harsher sentence for having fewer charitable contributions than Laugeni. Because Perry failed to object during sentencing, we review for plain error. See United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008). The district court referred to charitable contributions as a "mitigating factor that is not present here." Joint Appendix at 55. Laugeni may thus have been sentenced more leniently because of his charitable contributions of time and money, but it cannot be said that Perry has been penalized for lack of charity. The propriety of treating Laugeni's contributions as a mitigating factor in his sentence cannot be challenged here.

**[3]** Perry catalogs three instances where the court erroneously identified him as Laugeni during sentencing. We review for plain error in view of his failure to object. See Verkhoglyad, 516 F.3d at 128. Perry fails to explain how the misidentifications harmed him, let alone affected his substantial rights. United States v. Villafuerte, 502 F.3d 204, 209 (2d Cir. 2007). Any errors were thus not plain.

We have considered Perry's other arguments and conclude that they lack merit. For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3